## Williams, et al. v. Shepherd, et al.

(Decided October 4, 1918.)

### Appeal from Lawrence Circuit Court.

1. Contracts—Rescission—Warranty.—A vendee of personal property, under an executed contract, which contains a warranty, and where the contract does not otherwise provide, upon a breach of the warranty, has two remedies: (1) He may, within a reasonable time, either return or offer to return the property to the vendor, and sue for a rescission of the contract; or (2) he may elect to retain the property, and sue for damages for a breach of the warranty.

2. Contracts—Rescission—Damage for Breach of Warranty—Election.—A vendee of personal property, under an executed contract, and who has an option, to either return the property, and sue for a rescission of the contract, or to retain the property, and sue for damages for a breach of the warranty, can not use both remedies, but must abide by the election when he has made it.

C. F. SEE, JR., W. T. CAIN and W. D. O'NEAL for appellants.

JOHN W. WOODS and M. D. PERKINS for appellees

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On the 29th day of July, 1912, the appellant, J. P. Williams, purchased from the appellee, Samuel Shepherd, through an agent of the appellee, International Harvester Company, a threshing machine, for which he promised to pay the sum of $563.35. For the purchase price, he, together with the other appellants, as his sureties, executed three promissory notes, one for the sum of $148.35, due on the 15th day of September, 1912; one for the sum of $207.00, due on the 29th day of July, 1913; and one for the sum of $208.00, due on September 15th, 1914. These notes were executed to the appellee, Shepherd. The threshing machine was delivered to, and received by the appellant, who operated it during the threshing season for the year 1912, and thereafter he paid the first note, which he had executed for the purchase price. He operated the machine during the threshing season in the year 1913, but claiming that the machine never did do good threshing, he refused to pay the note, which became due on July 29, 1913. On October 31, 1913, the appellee, Shepherd, instituted a suit in the Lawrence circuit court, against appellants, to recover the amount of the second note, which was then due. Among other defenses offered by appellants, they alleged in their answer, that the vendor of the machine, to induce the purchase of it, and as a part of the contract, by which the machine was purchased, had warranted, that the machine would do good and satisfactory work in threshing wheat and other grain, but that the machine was defective and would not do satisfactory work, and the work for which it was intended, and was worthless for the purpose for which it had been purchased, and in that, the warranty had been broken, and that they had suffered damages from such breach, in the sum of $300.00. The plaintiff joined issue upon this defense, and the cause coming on for trial, the issue was submitted to the jury, under instructions of the court. The trial resulted in a verdict, of the jury by which it was found for the appellee, Shepherd, the amount of the note sued on, and for the appellants, for the breach of the warranty, the sum of $100.00 in damages. A judgment was rendered, in accordance with this verdict. The court adjudged, that appellee, Shepherd, recover of the appellants the amount of the note sued on, with its interest, but credited the amount with $100.00 damages, which

the jury had awarded to appellants, for the breach of warranty. The appellants satisfied the judgment. The appellant, Williams, failed to pay the third note, when it became due on September 15, 1914, and thereafter, on August 9, 1915, he instituted this suit against the appellees, and sought a judgment, by which the contract under which he purchased the machine should be rescinded, and the third, or unsatisfied note cancelled, and a judgment for the recovery and return to him of the amount of the first note, which he had paid, and the amount paid by him upon the judgment recovered against him upon the second note. The appellees filed separate answers, by which, they traversed the grounds relied upon by appellant, as a breach of the warranty, in the contract of the sale of the machine, and the appellee, Shepherd, by way of counterclaim set up the third or last note, and prayed for a judgment upon it, against the appellants. The sureties upon the note, entered their appearances to the action, and no objection was made as to the form or sufficiency of the counterclaim. Thereafter the appellant, Williams, over the objection of appellees was permitted to amend his petition, and to set up a contract, which had been made between him and appellee, Shepherd, on the 19th day of October, 1914, by which in consideration, as it was stated in the writing, that the appellant had alleged, that the machine had failed to perform the work for which it was intended and had instituted a suit for the rescission of the contract, the parties had agreed to settle the matter between them, and to relinquish any suits then pending or contemplated, upon the following terms: Williams agreed to bring the machine to the business place of Augustus Snyder, in Louisa, where, Shepherd, agreed to repair the machine so that it would do reasonably good work, free of cost to Williams, and Marion Wilson was to be the umpire and decide whether the machine did the work properly, and if Wilson decided that it worked properly, Williams was to pay the note, set up as a cause of action, in the counterclaim. The appellant then alleged that the appellees had violated that contract by failing to repair the machine, and had failed to enable him to carry the machine to Louisa. Then by another amendment the appellant alleged that he failed to carry the machine to Louisa, as he had agreed, because, the appellees had

promised to furnish him two wheels, to haul it upon, and had refused to do so, and this part of the contract had been left out of the writing by the fraud or mistake of appellee. These averments were denied by pleadings. The appellees, as a further defense, in separate answers, plead, as a defense to the action relied upon in the petition, the counterclaim of appellants, in the suit against them upon the second note, and the judgment against appellee, Shepherd, for $100.00 for the breach of warranty, in the sale of the machine, as a bar to the action of appellant for a rescission of the contract, under which he purchased the machine. The action having been submitted upon the pleadings, and evidence, the court denied the relief sought in the petition and amended petitions and ordered them dismissed, but adjudged, that appellee, Shepherd, recover upon his counterclaim the amount of the third note, executed for the price of the machine. From this judgment, Williams and his co-appellants, the sureties in the note sued on, have appealed.

(a) The only relief sought in the action by appellant, Williams, was a rescission of the contract, under which the machine was sold and a restoration to him of the amounts, which he had paid of the purchase price. He now has possession of the machine and has never at any time, before the bringing of his suit, offered to rescind the contract, nor tendered to appellee, the machine, nor in any way offered to place him in the same condition, in which he was before the contract, and does not even in the pleadings or otherwise in this case offer to return the machine, to appellee. It is a well settled principle, that a vendee of personal property, under an executed contract, where a breach of warranty accompanying its sale is broken, the vendee has choice of two remedies, where the stipulations of the contract are not to the contrary. He may, within a reasonable time, either return or offer to return the property to vendor and sue for a rescission of the contract; or he may elect to retain the property, and sue for the damages, he has suffered, from the breach of the warranty. Hauss v. Surran, 168 Ky. 686; Cook v. Gray, 2 Bush 121; Harrigan & White v. The Advance Thresher Co., 81 S. W. 261; Ruby Carriage Co. v. Kremer, 26 R. 274; Glover Machine Works v. Cook Jellico Coal Co., 173 Ky. 675; Miller v. Gaither, 3 Bush 152; McCormick Harvesting Machine Co. v. Arnold, 116 Ky. 508.

An exception to the above rule exists, when the property is entirely worthless for any purpose. It does not appear in this case, that the threshing machine is worthless for any purpose. If the property is not worthless for any purpose, and the vendor does not waive a return of the property, the breach of warranty will not bar a recovery of the purchase price, unless a return or offer to return the property is made. But the warrantee may plead as a counterclaim the breach of warranty, when sued for the purchase price. Furthermore, when an election of a remedy has been made by the warrantee, he must abide by it. He can not have both remedies. It is insisted, that the contract entered into on October 9, 1914, and relied upon in one of the amended petitions was a waiver by appellees of a return of or offer to return the property to them, and for such reason the appellant was not under the necessity to do so, in order to maintain his suit for a rescission. This view can not be maintained, because having previous to the making of that contract, elected to retain the machine and to recover the damages for the breach of warranty, the appellant had already lost his right to maintain a suit for a rescission. That contract might have been used as a defense to a recovery upon the third note, if it had been so plead or used for that purpose, but, the right to sue for a rescission of contract for the sale of the machine had been lost before the making of that contract. Having received the benefit of a recovery of the damages for the breach of the warranty complained of, there does not exist any reason, why the appellant should not pay the balance of the purchase price. It is therefore ordered that the judgment be affirmed.