## Debaun v. Weaver.

(Decided March 1, 1921.)

### Appeal from Boyle Circuit Court.

1. Trial—Exclusion of Evidence from Consideration.—On the issue whether a machine was capable of doing the work for which it was purchased, evidence of the plaintiff that in his tests of the same it would not run successfully but that when the seller came he would do something to it and it would run again, did not authorize the court upon the mere inference drawn from this statement to take the case from the jury upon the idea that it showed the defect was not in the machinery but in the improper operation of it.

2. Trial—Statement of Issues.—Where a machine is sold for a special purpose, but consists of three separate parts: the chassis, containing the engine; a patented attachment; and plows, and the requirement of power in the engine was the essential thing involved in the purchase, the sale was one of an engine as an entirety and not of separate parts thereof, and the total failure of the engine to furnish the power necessary to accomplish the purpose was a failure of the whole, and the court properly instructed the jury that if they found for the plaintiff to find the whole purchase price.

3. Sales—Defense to Recovery of Purchase Price.—When, after tests an engine is shown to be worthless, or after discovery of a fraud in its sale the buyer offers to return the same within a reasonable time, there is a complete defense to the recovery of the purchase price; and if he has paid the purchase price under these conditions he is entitled to recover the same.

JOHN W. RAWLINGS for appellant.

JAY W. HARLAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Weaver brought this action against DeBaun, alleging that the latter had sold to him in the spring of 1918, a

tractor outfit, for which he paid him at the time $550; that the defendant warranted and guaranteed that said tractor outfit was in good condition and would do good and sufficient work and would efficiently perform and fulfil the purpose for which it was sold, which purpose was known to the defendant; that the same was not in good condition, and did not comply with the warranty and guaranty, and failed to perform or fulfill the purpose for which it was bought.

He alleges further that the tractor was worthless as a tractor, and therefore of no value to plaintiff, and that he had tendered same back to the defendant who had refused to accept it, and he again made the tender in his petition. He prayed for the return of the purchase money.

The answer was a traverse of the material allegations of the petition.

Upon a trial the jury returned a verdict for $550 in favor of the plaintiff, and the defendant's motion for a new trial having been overruled, he has appealed.

The plaintiff's evidence was that appellant had guaranteed to appellee that the tractor outfit would do as good and efficient work as any other tractor outfit, and would pull, for the purpose of cultivating land, two plows, or a double disk harrow, or three sections of a smoothing harrow; that appellee had bought the same relying upon the warranty and guaranty of appellant and had paid the purchase price.

It was shown by the evidence of two mechanics and three practical farmers that the tractor outfit would not do the work guaranteed and was without value for the purpose intended. Appellee testified that after several tests of the tractor outfit, and after calling in appellant and others to assist in operating it, he had tendered the same back to appellant and notified him it would not do the work.

Appellant's evidence tended to show that he had made no warranty or guaranty, and that appellee had seen the identical tractor demonstrated and its work performed before he had purchased it; and that the engine in the chassis of the tractor was all right and capable of performing the work for which it was intended, but that the trouble was in appellee's operation of it and not in the engine itself.

The evidence disclosed that the engine in the chassis was not a new one but a second-hand one, and that while

for a short time it would seem to work very well, it would not continue, and in fact did not have the power to do the work for which it was intended; that DeBaun and others came to appellee's farm to assist him in running the tractor or to remedy whatever might be wrong, and that when DeBaun came on two or three occasions it would appear to work very well for a short time in certain kind of ground and on certain grades. The evidence as a whole seems to be convincing that as a practical tractor outfit it was insufficient for ordinary plowing purposes.

Appellant claims he was entitled to a peremptory instruction because the appellee himself testifies that when DeBaun came to his farm to see what was the matter with the tractor, he would do something to it and get it to running again, but that after DeBaun left, it would run for a little while and then stop again. It is argued that from this evidence it is plain that the defect was not in the tractor, or in the machinery, but was in appellee's inability to properly operate it, and therefore the defendant was entitled to a verdict.

It is sufficient, however, to say in response to this that these issues were submitted to the jury in an instruction of which the appellant does not complain. The court, under this state of the record would not have been justified, upon the mere inference to be drawn from this statement of appellant, in taking from the jury the right to pass upon the issues of fact.

The court instructed the jury that if they found for plaintiff under the first instruction, they would find for him the full purchase price of the tractor outfit, and appellant insists that this was an improper measure of damages, and that contention is based upon the claim that, as the evidence shows the tractor outfit was composed of three separate and distinct parts, and that only one of those parts was shown to be defective, the true measure of recovery should have been only the value of the defective part.

The evidence does show that the tractor outfit was composed of three separate parts; the chassis, containing the engine, which furnished the power; a patented attachment thereto; and the plows; and there is no serious complaint of either the attachment or the plows.

Appellant's contention is, therefore, that if the power was insufficient the measure of damages should have been only the cost of installing a new engine to furnish the re-

quired power, and relies upon the case of Smith & Nixon Co. v. Morgan, 152 Ky. 430.

That was an action to foreclose a purchase money lien on a player piano, and the defendant counterclaimed, asserting a warranty and a breach. The evidence showed that the combined instrument was composed of two separate instruments, either of which might be used independently of and separately from the other; and that the player was practically worthless but that the piano itself was a good instrument, and it was held that as the piano proper might be used separately from the piano-player, the jury should have been directed to find only the damages sustained by reason of the defect in the player part of the instrument.

A statement of the facts makes manifest the difference between the cases: in that case there were two separate musical instruments which might be used in connection with each other or each used separately from the other; but here we have a tractor outfit which as such is without value unless the power contained in the engine is sufficient to produce the required results. In that case the instruments were separable and capable of being used after separation. Here the separate parts were of no practical use without the others, for it is shown that the plows attached to the tractor could not be used in ordinary plowing with horses or mules.

The parties were dealing with a tractor outfit designed to plow land, and the requirement of power in the engine was the essential thing involved, for without that power the other parts of the outfit were of no value for the purpose.

The sale in this case was an entirety and not of separate parts of a machine, and the total failure of one essential part necessary to accomplish the purpose for which it was sold was a failure of the whole.

The evidence shows that after a thorough test of the tractor outfit, through several efforts of his own and at times assisted by appellant and other persons, it was demonstrated to appellee's satisfaction that the outfit was worthless for the purpose for which it was bought, and he then so notified appellant and offered to return the outfit, which appellant refused.

Where there has been offered a return of the property within a reasonable time after discovery of a fraud, or if the property is worthless, there is a complete defense to the recovery of the purchase price. Barnard v. Napier,

167 Ky. 824; Hauss v. Surran, 168 Ky. 686, 35 Cyc. 542, 548.

The plaintiff having offered in a reasonable time after discovering the fraud that had been practiced on him, to return the outfit, and the sale being the sale of a piece of machinery as an entirety, he was entitled to recover the purchase price.

Judgment affirmed.