## J. I. Case Threshing Machine Company v. Walters Brothers, et al.

(Decided December 15, 1922.)

### Appeal from Larue Circuit Court.

1.  Sales—Contract for Sale of Machinery.—One who buys farming machinery for a given purpose from the manufacturer with the agreement and understanding that the agents of the manufacturer will put the machinery in operation and test it out, may rely upon said agents to do so and if they fail he may again call upon them

or the company which they represent to put the machinery in condition; and if they fail to do so after a reasonable time, may have a rescission of the contract by delivering the machinery to the company, or if the purchaser has paid the full purchase price for the machinery may have a recovery of the price so paid.

2. Sales—Contract for. Sale of Machinery—Estoppel.—A purchaser of farming machinery will not be estopped by a "satisfaction receipt" showing that the agent of the company had visited the farmer and repaired the machinery, to show that while the agent visited the farm and attempted to fix the machinery he did not make it operate.

3. Sales—Sale of Machinery—Notice.—The purchaser of farming machinery is not bound to give written notice to the seller, as provided by the written contract, if such seller through his agents know of the defective condition of the machinery.

BAGBY & HUGHLY and WILLIAMS & HANDLEY for appellant.

MATHER & CREAL for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant company sold to Walters Bros., on March 15, 1918, a farm tractor with some other farming machinery at the agreed price of $1,425.00, all of which was paid in cash except $700.00, evidenced by two notes falling due in the fall of that year. The tractor proved very unsatisfactory according to the evidence of appellees and would not perform the work for which it was intended; and instead of being a help on the farm as a time saver, proved to be of little, if any, benefit. The tractor was delivered to Walters Brothers on their farm in Larue county about the first of April, and the local agent of appellant together with the state agent went out to the farm to see the tractor started and to give it a trial. It had a leak in the tank and radiator, besides other defects. It would operate, however, to some extent on the day it was delivered to the farm but was soon out of order, and appellees called upon the local agents for repairs of the tractor, and at the suggestion of the local agents the appellant sent one of its general repair agents to the farm for the purpose of examining and repairing the tractor. He undertook to put it in condition and worked on it some time but left it in an unsatisfactory condition and it would do practically no work. Appellees again applied to the local agents for adjustment and repair of the machine, with the result that another general repair agent was sent by the company to the Walters farm for

the purpose of putting the tractor in condition but he failed also. This was repeated four or five times with practically the same results. The Walters Brothers were trying to make the tractor perform the duties for which it was intended and were giving appellant company a fair chance to make these repairs. They did not fail to pay the note when it became due, but after exhausting every remedy known to appellees and after the repair agents of the company had informed appellees that they intended to do no more work upon the machine, appellees took the machine to the local agents from whom they purchased it and offered and tendered the machine to them and at their suggestion placed it in a barn where it was dry and it has received no injury since it was so delivered. Having paid the full $1,425.00 for which they purchased the tractor and other machinery appellees brought this action against appellant company to recover said money on the ground that there was a breach of warranty and a nonperformance of the contract on the part of the company. Some parts of the machinery which the company sold to Walters Brothers and for which the company had been paid, were never delivered even up to the time the machinery was returned by the Walters Brothers and no apparent effort made by the company to do so. No parts were delivered for several weeks but were finally delivered after many urgent requests by appellees.

The company defends the action upon several grounds, chief among them being (1) the failure of appellees to give to the company a written notice at the end of the six-day trial of the machine that it was unsatisfactory, if indeed it was; (2) the failure of appellees to return the machinery within a reasonable time after its delivery to them and after appellees had found out that the tractor would not perform the work for which it was intended.

According to the evidence of appellees the tractor did not do six days' work in the nine months which they kept it, and further that the agents and representatives of the company were constantly promising to make repairs of the machine and to put it in good condition and frequently came to work on it, and owing to a leak in one of the tanks the oil worked out and killed the ignition. The engine had no power and would not pull one-half as

much on twice as much fuel as other tractors of the same size and proportion.

On the other hand appellant company contends that every time they sent their expert repairman to work on the tractor that he put it in good condition, and this the company insists is fully established by a satisfaction slip signed by Walter Brothers, or one of them, showing that the workman had been to their place and had put the machine in satisfactory condition. In answer to this appellees say that thy declined to sign such a statement, but were assured by the agents each time that it only meant and was only intended to show that the workman had been to his premises and had worked on the tractor, and was not intended to and would not affect the contract between the parties. With this understanding Walters Brothers signed this satisfaction slip. Appellees did everything they could from the time the machine was delivered until it was returned to make it perform the functions of a farm tractor, as set forth in the contract, but were unable to do so even with the expert assistance of appellant company. Appellees paid the full price for the tractor and continued to urge appellant company and its agents to put the machine in condition, and when appellees finally discovered the company could not make the tractor perform the duties for which it was purchased and had received information from the agents of the company that said agents would do no more work on the tractor, they immediately returned it to the local agents from whom they had obtained it.

The case under consideration comes, as we think, clearly within the rule which allows a rescission of a contract for non-performance thereof by the seller, and the further rule equally as well established that where a seller delivers machinery to the purchaser which machinery is defective and insufficient for the purposes for which it was sold as expressed in the contract and the agents of the seller when the machine is delivered attempts to make it operate and then and there discovers that the machine is not of the kind and character which the seller agreed to deliver to the buyer and thereafter attempts at different times to make the machine perform its functions without success, and being assured by the agents of the seller that the machine so sold will be made to perform its functions, continues to hold the machine and to urge the agents of the seller to make such repairs as will cause the machine to function properly, and after giving

reasonable time for such repairing and said repairs are not made and the machine remains in such bad condition as it will not function as intended, and the buyer upon being informed that no further work will be done on the machine by the agents of the seller to make it perform, returns it in its original condition to the seller with notice that he will not accept it, and demands of the seller the price which the buyer has paid. Where the agent of the seller, as in this case, is present at the trial of the machine and knows that it does not work, the purchaser need not give the notice stipulated in the contract to the effect that if upon the trial the machine shall fail to perform as warranted the purchaser shall notify the seller of this fact, the reason being that knowledge of the agent in such case is imputed to the seller and the seller must thereafter take notice of such defects as are in the machine, especially when his general agents are constantly working upon the said machine. J. F. & Company v. Tatlock, 13 Ind. App. 345; Peterson v. Walter A. Wood Mowing and Reaping Machine Co., 97 Iowa 148. Any personal knowledge on the part of the agent that the machine sold by him fails to do good work renders unnecessary any written notice to him of such fact although such notice is required by the terms of the contract. First National Bank v. Dutcher, 128 Iowa 413 (1 L. R. A. N. S. 142). To the same effect is the text in 28 American and English Encyclopedia of Law, 1st edition, p. 832, where it is said: "The notice is not necessary where the seller's agent is present at the trial of the machine, and sees its failure to work as warranted, or where he otherwise impliedly waives notice, as by attempting to remedy the defect." See also Kenney Co. v. Anderson, &c., 26 Ky. L. R. 373.

Walters Brothers did more than was required of them to give appellant company a chance to put the tractor in condition, and having done so did not refuse to but did in fact pay the machine company the full price of the tractor without complaint, except as to the defective condition of the tractor, so the appellee company is in no position to complain. The company had all the notice required under the contract of the defective condition of the machine and sent its general repair agents there to make it function but utterly failed to do so. When the company ceased to try to make the machine perform Walters Brothers conceived that patience was not a virtue in that instance and returned the machine. They were

clearly entitled to a rescission of the contract and a return of their money with interest as soon as the machine was returned to the company's legal agent because the contract had not been performed on the part of the seller. International Harvester Co. v. Beam, 159 Ky. 842; International Harvester Co. v. Porter, 160 Ky. 509. And the warranty contained in the contract between the company and Walters Brothers has been violated by the company, the company having full notice of the defective condition of the machine, was not entitled to take the money of Walters Brothers without supplying the character of tractor for which the contract called.

The trial court having arrived at a proper conclusion the judgment is affirmed

Judgment affirmed.