## Thomas Brothers v. Puffer Manufacturing Company.

(Decided December 8, 1925.)

## Appeal from Barren Circuit Court.

1. Sales—Buyer, on Discovery of Defective Condition of Personal Property, Must Announce His Purpose to Rescind and Adhere Thereto—If Buyer Treats Property as His Own, Right to Rescind is Lost.—To entitle buyer to rescind contract for purchase of soda fountain and carbonator, he must, on discovery of defective condition or fraud, announce his purpose to rescind and adhere to such course; and if he treats property as his own his right is lost, but he has a reasonable time in which to make his election.

2. Sales—Buyer's Sale of Property to Another Binds Him to Pay Original Seller the Purchase Price.—Buyer's sale to another of property which he has tendered and offered to return to original seller confirms sale and binds purchaser to pay purchase price.

3. Sales—Buyer's Use of Machinery for Personal Benefit Defeats Attempted Rescission.—Buyer's use of machinery, after seller has refused tender of it in rescission, will defeat buyer's attempted rescission, if used for personal benefit and not merely in compliance with his duty as bailee of seller.

4. Sales—Evidence Held to Make Question of Fact in Action on Purchase Price Notes and to Enforce Mortgage Liens.—In action by seller of soda fountain and carbonator to recover on purchase price notes and enforce mortgage liens, wherein defendant alleged that fountain and carbonator were defective and worthless, evidence held to make question of fact for chancellor.

WHITE & SMITH and BAIRD & RICHARDSON for appellant.

PAUL GREER, JOHN S. CARROLL and JOHN D. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellants, Thomas Brothers, on September 3, 1920, purchased of appellee, Puffer Manufacturing Company, a soda fountain and attachments, and a carbonator at the total price of $2,300.00, paying $1,100.00 cash, and executing twelve installment notes of $100.00 each, due monthly, for the balance of the purchase price. To secure these notes Thomas Brothers executed a mortgage on the fountain and carbonator to the Puffer Manufacturing Company, and this was duly recorded. Five of the installment notes were paid as they became due but seven are now unpaid, and this suit was commenced by the company against Thomas Brothers in the Barren circuit court to recover on the notes and to enforce a mortgage lien against the fountain and the carbonator. With the petition were filed the notes, mortgage and the contract of purchase by which appellants, Thomas Brothers, became the owners of the fountain and carbonator. Appellants filed an answer, counterclaim and set-off admitting the purchase of the fountain and carbonator and the execution and delivery of the notes and mortgage, but averring that the carbonator was absolutely worthless and of no value; that it was warranted by the agent of the company "to be built of first class material, perfect in every respect and put together in first class workmanship order and free from any defects either in material or workmanship, and the carbonator would carbonate water perfectly to be used for soda fountain purposes;" but that the carbonator was not so built and that the warranty was thus broken, and further, that the fountain was also warranted to be of good material and workmanship, but that it was not so built and constructed and that the warranty with respect to the fountain was also broken, and prayed damages in the sum of $25.00. Later they amended their answer and averred that the warranty was by mistake, oversight and fraud of the agent of the company left out of the written contract filed with the petition, but there was no averment that the mistake was mutual, and there is no proof of substance that the contract, a long printed one, contained such warranty, or that such a warranty was by mistake, fraud or oversight, left out of the contract. The averments of the answer as amended were traversed. The court rendered judg-

ment upon the notes and mortgage in favor of appellee company, and Thomas Brothers prosecute this appeal.

Appellants filed two briefs by different counsel. In one it is contended that the sole question upon this appeal is whether parol evidence offered by appellants upon the parol warranty and guaranty made by the agent at the time he took the order for the goods, was competent upon the trial. Appellants insist that such evidence was competent; second, if the plea of mistake and fraud was not good, the appellee company waived this defect by filing a demurrer thereto and after requiring the court to pass thereon filed reply and made up the issues of fact presented by the answer, counterclaim and set-off; and third, the written contract was so meager, incomplete, uncertain and technical in its terms that parol evidence was competent to explain its language without plea of fraud or mistake. In appellants' other brief it is said that there was an implied warranty that the carbonator and soda fountain would be of first class material and would do the work for which they were purchased, and that the evidence does support this implied warranty. There are some other questions presented by counsel for appellants. These several contentions of appellants were disputed by counsel for appellee company.

For the purposes of this case it may be conceded that the answer sufficiently pleaded mutual mistake and fraud on the part of the agent of the company in the preparation of the contract and that the verbal warranties were not written into the contract, and that all evidence offered to prove the oral warranties was competent, and we will proceed to a consideration of the merits of the case as though the pleadings were good upon demurrer and the evidence relevant and competent to the issues.

Let it be remembered that on July 21, 1920, appellants purchased the fountain and carbonator. The goods were shipped September 3, 1920, and on that date Thomas Brothers executed and delivered to the company the twelve promissory notes, some of which are now sued on, and secured them by the execution of the mortgage. Shortly thereafter the fountain and carbonator were received at Glasgow by appellants and installed in their place of business by an expert sent by appellee company. When installed the fountain and carbonator appeared to be in perfect condition as to workmanship, material and service, and functioned properly. Five of

the installment notes were paid monthly thereafter, the last payment being on April 18, 1921. No other notes were paid and by letters of June 8, 1921, appellants for the first time notified the company that certain parts of the interior of the fountain were warped out of shape and asked to have an expert sent to their place of business to put the fountain in condition. No mention or complaint was made of the carbonator at that time. Previous thereto the company had been urging appellants to pay their notes. On November 18, 1921, appellants for the first time complained to the company that the carbonator was defective, in fact claimed it was worthless. Appellee company at the request of appellants sent one of its experts to their place of business to examine the fountain and carbonator and to put them in condition. He testified concerning the condition of both these instrumentalities; that the fountain, which had been in use for several months, had been damaged by the users packing ice against the walls of the interior in such an improper manner as to cause the walls to warp, but he testified that this did not materially damage the fountain and that it was practically of the same value as when new. He further testified that the carbonator was in perfect condition and that there never had been anything wrong with it; that appellants had not followed his instructions given when he installed the carbonator and had failed to keep it properly adjusted and regulated and the pressure at the right point. Other witnesses for appellee company testified that the fountain and carbonator were made of first class material, built according to good workmanship and were in first class condition when shipped to and received by Thomas Brothers. Appellants admit that at the time of the installation of the fountain and carbonator they worked well, but they insist that they later showed defects and became unsatisfactory and would not perform the work for which they were intended, and, the carbonator became absolutely worthless. After offering to rescind the contract they sold the outfit to one Rich, who was made party defendant, and filed answer and counterclaim in which it is averred "that it is true he purchased the said fountain from the said Thomas Brothers as alleged in plaintiff's amended petition and that he now has same in his possession and that he holds the same subject to the orders of the court and that he is not advised as to whether plaintiff has a lien on same or not, and he makes

no admission or denial of plaintiff's claim but reiterates that he holds same subject to the orders of the court." On the record in this condition the trial court entered the judgment recited above, enforcing appellee company's notes against Thomas Brothers and directing a sale of the mortgaged property.

To entitle one to a rescission of a contract for the purchase of personal property like that involved in this case, he must, upon the discovery of the defective condition thereof, or of fraud in the contract, announce his purpose to rescind and adhere to that course. If he treats the property as his own, his right is lost. He has a reasonable time in which to make his election, but once it is made he must stand by it. It is further the rule that a sale of property which he has tendered and offered to be returned to the original seller, confirms the sale and binds the purchaser to pay the purchase price. In the case of McCulloch v. Scott, 13 B. Mon. 172, we held that where the seller of a jack refused to receive him back in rescission of the contract and the purchaser took him and used him as his own for breeding purposes instead of merely taking care of him, he lost his right to rescind. The use of machinery by the purchaser after the seller has refused his tender of it in a rescission of the contract, will defeat his attempted rescission if such was used for his personal benefit and not merely in compliance with his duty as bailee of the seller. 36 L. R. A. (N. S.) 472. See also 24 R. C. L., pp. 437, 362 and 103; 86 Am. Dec. 700; L. R. A. 1916F 479.

The counterclaim of appellants appears in part to seek only an abatement of the price of the fountain and carbonator on account of the defective and worthless condition thereof. There was evidence to support the contentions of appellants that the fountain was defective and that the carbonator was of no value. For the appellee company there was evidence to show the fountain was as represented by the company and that the carbonator was in good condition, and would perform the service which it was intended to perform when purchased by appellants, but that appellants had failed to operate it according to instructions of an expert sent by appellee company to install the apparatus in appellants' place of business. It was a question of fact which it was the province of the chancellor to determine from the evidence. He, no doubt, personally knew the witnesses, or at least part of them, and was in position to appraise the weight

and value of their evidence. He did so, and found for the appellee company. There is no reason shown why we should disturb this judgment. His finding is entitled to some weight, and unless it should be made to appear to be against the weight of the evidence we would not be authorized to set it aside. It is therefore affirmed.

Judgment affirmed.