## Louisville Music & Radio Company v. O'Nan.

(Decided March 4, 1930.)

WALTER S. TAPP for appellant.

MATT J. HOLT for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellee, Nellie O'Nan, bought a radio from the appellant, Louisville Music & Radio Company. She had

bought two prior to the purchase of the last one which had been successively turned in and credited on the purchase of another. The radio cost her $490. Appellant warranted the radio as absolutely one of the latest and best on the market of its type. This warranty was to run for ninety days. Appellee had trouble in the operation of the radio, and made numerous complaints, and repeated efforts were made to fix it. There was something wrong with the eliminator, one of the appurtenances. She finally tendered the radio back to the appellant, and demanded a return of her money, which was refused. She instituted suit to recover the money, alleging that the warranty, which was in writing, had been breached, and also alleging that the radio was not suitable for the purpose for which it was sold and purchased, and that it was worthless. Issue was joined, and the case was tried before a jury, resulting in a verdict in favor of appellee for $490.

The evidence tended to show that the radio was one of the latest and best radios in the market of its type, but the evidence offered for appellee tended to show that it did not well perform the functions for which it was sold and purchased. She claimed and substantiated her claim by the evidence that the reception was very poor; that she could only get the stations at Louisville and occasionally Cincinnati; that, when she connected with a station at a greater distance, the reception faded out and was not satisfactory. She testified that the radio was worthless. There was proof to the effect that the defects in the attachment could have been remedied by the substitution of a different kind of a battery, but this was not done.

At the conclusion of the evidence, an instruction was given to the jury to the effect that, if it should believe from the evidence that the radio was not of good quality, and was not reasonably fit and suitable for the purpose for which it was sold, it should return a verdict in favor of appellee for the sum of $490, but, if it believed otherwise, it should return a verdict for the appellant. The instruction did not consider the express warranty, and in that the court was correct, as there was no proof that there was a breach of the express warranty. The express warranty went no further than as to the type of radio. The instruction is confined exclusively to the implied warranty.

In overruling the motion for a new trial, the trial court pointed out that a purchaser under such circumstances has a choice of remedies. He may retain the goods and sue for the difference between their value as they were and as they should have been, or he may tender their return and sue for a recovery of the purchase price. The principle is so stated in the cases of Williams et al. v. Shepherd et al., 181 Ky. 535, 205 S. W. 565; Debaun v. Weaver, 190 Ky. 685, 228 S. W. 27; J. I. Case Threshing Machine Co. v. Walters Brothers et al., 197 Ky. 348, 246 S. W. 831. The trial court pointed out that the decision relied on by counsel for appellant, J. B. Colt Co. v. Berry, 218 Ky. 119, 290 S. W. 1059, was a case where the purchaser had elected to retain the article purchased and sued for damages The trial court was entirely sound in his conclusion but for one thing. When there has been a tender of the return of the article purchased, and the tender has not been kept good, the cause of action passes from that class where recovery of the money paid may be had into the class where only damages may be recovered. In cases where affirmative relief is sought, the tender must be kept good. This is not always true where some other relief is sought, but, if the plaintiff seeks his recovery on the ground that he has made a tender, and his affirmative relief must depend upon the establishment of that fact, his tender must be kept good.

In the case of McCulloch v. Scott, 13 B. Mon. 172, 56 Am. Dec. 561, this court said: "A purchaser of a chattel who is defrauded, may by a tender back of the property rescind the contract; but if vendor refuse to receive it and vendee take it into custody and act with it as if it were his own, it will be regarded that, in so doing, he has waived the benefit of the tender, and cannot thereafter have a rescission."

In the case of Paducah Hosiery Mills v. Proctor & Schwartz, 210 Ky. 806, 276 S. W. 803, the court adhered to the same principle.

The decisions of this court on that question seem to be in harmony with the decisions of other courts. 6 R. C. L. 932 to 934.

In his opinion overruling the motion for a new trial, the trial court expressed the opinion that the tender had been kept good, but all of the evidence on the point apparently was to the contrary. Appellee used the radio as her own after she made the tender. She had it installed at different places where she lived, and made about the

same use of it, according to her own testimony, that she did before she made the tender. At least it was a question for the jury as to whether she had kept the tender good. The trial court further stated in his opinion, that the radio was worthless according to the testimony of the appellee. That was not a question for the trial court to determine. She used the radio for her pleasure, and the mere statement on her part that it was worthless was not conclusive. That also was a question for the jury.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.