## Automatic Equipment Co. v. Mohney.

Oct. 15, 1943.

452

Neil Sullivan and Stoll, Muir, Townsend, Park and Mohney for appellant.

George R. Smith for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

This action was filed by the appellant to recover the unpaid balance of the purchase price of refrigeration equipment purchased by the appellee under a written contract. The appellee counterclaimed, alleging a breach of contract on the appellant's part and seeking a recovery of $550 paid on the purchase price, which was $955. Trial resulted in a verdict and judgment for the appellee on his counterclaim and judgment was entered for $550 without directing a return of the equipment. A bill of exceptions was not filed in time and the only question before us is whether the pleadings support the judgment.

Paragraph two of the answer and counterclaim pleaded various warranties made by the appellant in the contract of sale. Among the provisions of the contract pleaded was one that "the equipment must, for a period of one year, meet the full approval of the purchaser, and, if at any time within the year the purchaser is not satisfied with the equipment, installation or performance, he has the privilege of exchanging it for a brine system without loss of any money." It was then alleged that "the machinery failed completely in its performance of the requisites of the contract and was wholly useless to this defendant and was wholly unsatisfactory * * * and that he insisted long before the one year was expired

that the plaintiff change it for a brine system, satisfactory to the demands of his business, but that the plaintiff refused to do same.''

It is the contention of the appellant that in seeking a rescission of the contract of sale and a recovery of the purchase money it was incumbent on the appellee to plead a return of the property, or a tender and offer to return to the seller and his continuing readiness to do so, and that the counterclaim was fatally defective in this respect and does not support the judgment.

In approaching this question it must be kept in mind that a buyer of personal property claiming a breach of warranty has a choice of two remedies. This universal rule is succinctly stated in Williams v. Shepherd, 181 Ky. 535, 205 S. W. 565, 567 as follows: ''He may, within a reasonable time, either return or offer to return the property to vendor and sue for a rescission of the contract; or he may elect to retain the property, and sue for the damages he has suffered from the breach of the warranty.''

Here, the buyer elected to rescind the contract and sue for a return of the purchase money paid by him. In adopting this remedy it was incumbent on him to plead, in addition to a ground of rescission, a return or offer to return the property. This is the universal rule and the rule of our jurisdiction. 55 C. J. 293; Frick Co. v. Wiley, 290 Ky. 665, 162 S. W. (2d) 190. And, since there was no allegation that the equipment was wholly worthless (the allegation being that it was worthless to the appellee), it was essential that a tender or offer to return be pleaded. Hauss v. Surran, 168 Ky. 686, 182 S. W. 927, L. R. A. 1916D, 997.

We are of the opinion, however, that the allegation in the counterclaim that the equipment was wholly worthless to the appellee and that he notified the appellant that it was unsatisfactory and demanded that it be replaced with the brine system, which the appellant refused to do, must be regarded as a tender or offer to return, since title remained in the seller until all the purchase money was paid, pursuant to the contract, and on such demand it was the seller's duty to take possession of the equipment and replace it with the brine system.

This brings us to the question whether it was essential that the tender, or offer to return, be kept good and

that the appellee plead a continuing readiness and willingness to return the equipment. The counterclaim contained no such allegation.

The universal rule is that a tender must be kept good where the debt or duty remains after a tender or refusal and it must be pleaded that the tenderer has at all times been, and still is, ready to pay the money or perform the duty. 26 R. C. L. 643, 658; 62 C. J. 689. But there seems to be some confusion as to whether or when, a tender of specific articles of personal property must be kept good. The general rule is that such a tender need not be kept good where affirmative relief is not sought by the party pleading the tender, since the tenderer becomes bailee for the creditor. 62 C. J. 681; 26 R. C. L. 644; Stratton & Terstegge Co. v. Criswell, 290 Ky. 64, 160 S. W. (2d) 137. And, probably, this is the rule in many jurisdictions even when a tender is made for the purpose of basing a demand for affirmative relief on it. But in our jurisdiction we are committed to the rule that where affirmative relief is sought, as is the case here, the tender must be kept good. In Louisville Music & Radio Co. v. O'Nan, 233 Ky. 306, 25 S. W. (2d) 726, 727, where the buyer of a radio counterclaimed for the recovery of purchase money paid, it was held to be incumbent on the buyer to keep the tender good, the court saying: ''In cases where affirmative relief is sought, the tender must be kept good. This is not always true where some other relief is sought, but, if the plaintiff seeks his recovery on the ground that he has made a tender, and his affirmative relief must depend upon the establishment of that fact, his tender must be kept good.''

We think the rule thus enunciated is a wise one. KRS 361.690(5) provides: ''Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with remedies for the enforcement of such lien allowed to an unpaid seller by KRS 361.530.'' And, while by virtue of this statute a buyer entitled to rescind becomes bailee for the seller after an offer to return, he should plead a continuing readiness to return the goods, or account for his inability to do so, in order that all the rights of both parties may be adjudged in the one action.

Upon a finding that the buyer is entitled to rescind and recover purchase money paid, the court should, by the pleadings, be in position to adjudge a return of the goods to the seller, giving the buyer a lien thereon to secure the repayment of the purchase money adjudged to the buyer. At least the pleadings should place the court in position to adjudge as to return or nonreturn of the property.

In the case before us the buyer has a judgment for the purchase money paid and the judgment contains no provision for a return of the goods to the seller. The buyer may have the goods or he may not. He may not keep the goods and recover the purchase money paid but must return the goods or account satisfactorily for their nonreturn. The correlative rights should be adjudged in the one action and the pleadings should be appropriate for this purpose.

It is our conclusion that the pleadings do not support the judgment by reason of the failure of the counterclaim to contain an averment either of readiness and willingness to return the equipment or sufficient reason for the buyer's inability so to do.

Finally, it is insisted by the appellee that if the counterclaim was defective in failing to contain such an averment, the defect was waived by failure to file demurrer or, in any event, was cured by the verdict.

We would be inclined to this view had the judgment directed a return of the equipment to the appellant or otherwise dealt with this question, but, as the record now stands, the appellee now has the equipment without paying anything therefor. Such a result cannot be regarded with favor. If the appellee desired to retain the equipment, his cause of action was for damages and not for a rescission and recovery of the purchase money. In seeking a rescission it was incumbent on him to plead his continuing readiness to return the equipment, or a sufficient excuse for not doing so, in order that the court might adjudicate on this matter.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.