## Gargotto et al. v. Sherman et al.

May 19, 1944.

Robert E. Hogan and George G. Buckingham for appellants.

Harry L. Hargadon for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This action was instituted by appellees and plaintiffs below, Bessie Sherman and her husband Joe, against Josephine Gargotto and her husband August,

seeking the rescission of a contract whereby the appellants sold plaintiffs a restaurant located at 205 South Sixth Street in Louisville. The ground for rescission was the alleged false and fraudulent representations made to plaintiffs as to the volume of business and profits previously made by defendants. The chancellor granted the relief sought and defendants appeal.

Plaintiffs had disposed of their restaurant business in Jeffersonville, Indiana, and by their response to a newspaper advertisement of R. S. Moote, a real estate agent with whom the Gargottos had listed their restaurant for sale, the parties were brought together. On March 19, 1942, the Shermans spent less than an hour in looking through the Gargotto restaurant and bought it "lock, stock and barrel," the Gargottos walking out and giving the purchasers immediate possession. The purchase price was $800, of which $500 was cash, with the balance represented by a note, which the Shermans agreed to pay in three monthly installments of $100 each, secured by a mortgage on the equipment and stock of goods in the restaurant. The only credit on the note was $40 paid on April 22, 1942.

On May 26, 1942, the Shermans instituted this action for a rescission of the contract of purchase. Their petition alleged that plaintiffs relied upon the false and fraudulent representations made by the defendants that the restaurant had earned $75 per week, when in fact it had earned nothing. The first paragraph of the answer, counterclaim and set-off was a traverse; the second asked a foreclosure of the chattel mortgage on the equipment; the third sought a recovery of $360 per annum rent on a lease plaintiffs had assumed when they purchased the business; and the fourth paragraph asked that a receiver be appointed, but it was not pressed. A reply completed the issue and the proof was heard orally before the chancellor and is here on a bill of exceptions.

The petition did not plead a return of the property or a tender or offer to return it to the seller, nor did the judgment direct that it be returned, and defendants argue that under the case of Automatic Equipment Co. v. Mohney, 295 Ky. 451, 174 S. W. 2d 716, the judgment must be reversed. That opinion points out that a buyer of personal property claiming a breach of warranty may within a reasonable time either return or offer to re-

turn the property to the vendor and sue to rescind the contract; or he may elect to retain the property and sue for damages on the breach of warranty. If a rescission is sought, it is incumbent upon him in addition to pleading the ground therefor to plead a tender or a return of the property. The proof was heard by the chancellor on March 4, 1943, and it shows that on June 8th, following the filing of the petition on May 26, 1942, defendants regained possession of the property through forcible detainer proceedings in the magistrate court, which action on their part obviated the necessity of plaintiffs' pleading a return or tender of the property, or of the judgment directing that it be returned, as provided in the Mohney opinion.

Mrs. Sherman testified that she discovered the misrepresentations as to the earnings of the business within less than a week after the purchase. Her husband testified that during the nine days from March 19 to March 27, 1942, the receipts were $111.37 while the expenses were $136.20, and during four days of that period the expenditures exceeded the receipts.

No notice was given or demand made upon either of the defendants for a rescission of the contract. But on the contrary, $40 was paid on the note on April 22nd, which was a little more than a month after the purchase was made. The evidence further shows that the plaintiffs changed the victrola and removed the slots whereby it could be played from each booth in the restaurant. Also, that they replaced amusement machines with ones furnished by a different company than had supplied defendants. The victrola and these machines had produced a considerable profit to defendants when they operated the business.

Although the evidence of fraud was conflicting, it was perhaps sufficient to have sustained the chancellor's finding had the Shermans acted to bring about a rescission of the contract within a reasonable time after discovering the alleged fraud. This they did not do. As a sale induced by fraud on the part of the seller is only voidable at the option of the purchaser, the latter must act within a reasonable time under all the circumstances after he learns of the fraud, or is charged with knowledge thereof, and by unreasonable delay the purchaser affirms the sale and loses his right of rescission. KRS 361.690. He will not be permitted to speculate as to the

result of the trade and then rescind after it proves to be unprofitable. 46 Am. Jur. sec. 773, p. 903; 17 C. J. S., Contracts, sec. 433, p. 917; Restatement of the Law of Contracts, sec. 480, p. 916; Annotations, 72 A. L. R. 726.

Here the buyers treated this property as their own after discovering the alleged fraudulent representations, changed the victrola and amusement machines and even made a payment of $40 on the note. It is clear that by so doing and by their delay in acting to rescind the contract they have waived their right to a rescission. 46 Am. Jur. Sec. 780, p. 909; Thomas Bros. v. Puffer Mfg. Co., 211 Ky. 695, 277 S. W. 1022.

No demurrer was filed to the petition, but the proof when applied to the pleadings fails to make out a case for rescission, although it does make a case for the jury as to whether there was a breach of warranty resulting in plaintiffs being damaged. The judgment is reversed with directions to the chancellor to transfer the case to the common law docket for a trial on the question of damages for the alleged breach of warranty.