WAGNER et al. v. GUY et al.

Court of Appeals of Kentucky.

Oct. 31, 1952.

Howell W. Vincent, G. J. Schaefer, Covington, for appellants.

Wm. E. Wehrman, Robert O. Lukowsky, Covington, for appellees.

CAMMACK, Chief Justice.

The question involved on this appeal is whether the purchasers of a television set waived their right to rescind the sales contract. The appeal is from a judgment on a verdict in favor of the appellees, purchasers of the set.

The appellees purchased the television set from the appellants, an Ohio concern, in 1948. A down payment of $100 was made on the $1,750 purchase price. The set was installed in the appellees' place of business in Bromley, early in January, 1949. The appellants made several service calls the first week the set was in operation. Subsequently, the appellees refused to pay the balance of the purchase price, claiming that the set was defective. The appellants instituted this action in July, 1949, seeking to recover the balance due on the set.

By way of answer and counterclaim the appellees pleaded breach of warranty and offered to return the set. They set out also that the appellants had refused to accept the returned set.

Although the action was filed in July, 1949, it was not tried until November, 1950. As we have noted, several service calls were made on the set shortly after its installation in January, 1949. Other calls were made in April and May. Clearly, the institution of the action put the appellees on notice that their offer to rescind the contract by the return of the set had been rejected. The appellees purchased another television set in January, 1950. However, several witnesses, who were regular patrons of the appellees' place of business, testified that the old set had not been used for eight or nine months prior to the time of the trial. One of the appellees testified that the set in dispute was serviced in January, 1950. This evidence shows that the set was used as much as six months after the institution of the action.

Under the Uniform Sales Act, KRS 361.690(1) (d), the buyer, upon a breach of warranty, may rescind the sales contract either by a return or an offer to return the goods. The notice of rescission must be explicit and must be made within a reasonable time. Moreover, the buyer may lose this right if he uses the property as if it were his own. 46 Am.Jur., Sales, section 765, p. 895; Gargotto v. Sherman, 297 Ky. 597, 180 S.W.2d 565. Furthermore, the continued personal use of the goods by the buyer after the seller has refused the buyer's tender of them in an attempted rescission will defeat the attempted rescission. 46 Am.Jur., Sales, section 765, p. 896. Thomas Brothers v. Puffer Mfg. Co., 211 Ky. 695, 277 S.W. 1022. We think the Thomas case is controlling here because the continued use of the television set by the appellees after the institution of this action constituted a waiver of their attempted rescission. Under the circumstances, the court should have directed a verdict in favor of the appellants.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.