## Coleman, et al. v. Sowders.

(Decided January 27, 1925.)

### Appeal from Ohio Circuit Court.

1. Sales—Evidence of what Jack was Worth to Buyers should Not have been Excluded.—In action for breach of warranty in sale of a jack, evidence of what jack was worth should not have been excluded, since, if he was not as warranted to buyers, they were entitled to recover difference between his actual value at the time and what his value would have been if he had been as warranted.

2. Sales—Seller Properly Allowed to Prove Actual Value of Jack at Time of Sale.—In action for breach of warranty in sale of a jack, seller was properly allowed to prove actual value of jack at time of sale, and to show that jack's colts were very fine mules.

3. Sales—Buyers should have been Allowed to Show how Much More Jack would have Earned if he had been as Guaranteed.—In action for breach of warranty in sale of a jack to show what would have been his value if he had been as warranted, buyers should have been allowed to show how much more he would have earned each year if he had been as guaranteed.

4. Evidence—Evidence of Price that Buyers Secured for Jack and Contract Under which they Sold Him Held Admissible.—In action for breach of warranty in sale of a jack, evidence as to price for which buyers sold jack, and contract under which they sold him, was admissible on question of value of jack at time of sale.

5. Appeal and Error—Reading of Deposition no Ground for Complaint, where no Exception Taken Thereto.—Where no exception was taken to reading of a deposition in which a copy of a sale contract was contained, plaintiffs could not on appeal complain that same was read to jury.

6. Evidence—Evidence as to Decline in Price Between Time Jack was Purchased and of Sale by Buyers Held Admissible.—In action for breach of warranty in sale of a jack, evidence as to decline in price between time of purchase and sale by buyers was admissible on question of value of jack at time of sale.

7. Appeal and Error—Sales—Proof that Buyers Informed Seller as to Breach of Warranty and Offered to Rescind Sale Held Improperly Excluded and its Exclusion was Prejudicial Error.—In action for breach of warranty in sale of jack, after seller had testified that buyers had made no complaint of any breach of warranty when asking for extension of time to pay, exclusion of proof that buyers informed seller as to breach of warranty, and offered to rescind sale, and that seller refused to agree to anything, was erroneous and prejudicial, since jury might infer that buyers' claim of breach of warranty was an afterthought.

8. Contracts—Agreement to go out of Business without Any Limitation as to Place Held Invalid.—Seller's agreement on sale of a jack for breeding purposes to go out of business on his farm and to remain out of business as long as buyers were in the business was valid, but agreement to go out of business without any limitation as to place was invalid.

9. Sales—Loss of Profits which Buyers Sustained from Breach of Warranty Held Properly Excluded.—In action for breach of warranty in sale of a jack, refusal to submit loss of profits which buyers sustained from the breach was proper, as recovery thereof would have been a double recovery for the same thing.

10. Sales—Measure of Damages for Breach of Warranty in Sale of Jack Stated.—Measure of damages for breach of warranty in sale of a jack is difference in value of animal at time of sale as he actually was and what his value would have been if as represented.

11. Sales—Evidence as to Amounts Buyers would have Received from Jack's Services Considered Only in Determining His Value at Time of Sale if as Warranted.—In action for breach of warranty in sale of a jack, evidence as to amounts buyers would have received from his services if he had been as represented might only be considered in determining what would have been jack's value at time of sale if he had been as warranted.

12. Sales—Any Positive Representation by Seller would Constitute a Warranty.—Any positive representation of a fact as to jack made by seller at time of sale to induce buyers to buy and on faith of which they did buy was a warranty or guaranty.

13. Sales—Seller Not Responsible for Failure of Warranty, if Due to Buyers' Lack of Ordinary Care in Keeping Jack.—If failure of jack to come up to warranty was due to a want of ordinary care

In keeping and using him, seller was not responsible for any fail-
ure of warranty so far as it was due to such cause.

14. Evidence—Hearsay Not Competent to Prove that Certain Mares
were Not with Foal.—Witness could not testify that certain mares
were not with foal where his only knowledge was that owner re-
fused to pay for breeding services or told him that mare was not
in foal.

15. Evidence—Proof of Earning Power of Jack Sold for Breeding
Purposes Held Pertinent.—As fair market value of a jack sold
for breeding purposes necessarily depends on his earning power,
proof showing what amount he would have brought in, if as war-
ranted, reasonable cost of keeping him and number of years he
could reasonably be used for breeding purposes is pertinent.

16. Evidence—Proof of Net Earnings of Jack as he was and What
they would have been if as Warranted Held Competent.—In ac-
tion for breach of warranty in sale of a jack, proof of his net
earnings as he was and what they would have been if he was as
warranted was competent to show difference in his market value
when not as warranted.

HEAVRIN & HEAVRIN and BARNES & SMITH for appellants.

A. D. KIRK, CLARENCE BARTLETT, GLENN & RODES, and
GROVER H. CARY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On March 26, 1919, G. W. Sowders sold to R. P.
Coleman, etc., a jack, known as Mountain Boy, for
$900.00. They paid him then $100.00 and executed four
notes for $200.00, payable annually thereafter. On
March 17, 1922, they filed this action against him alleg-
ing that to induce them to purchase the jack and as a
part of the contract of sale, Sowders guaranteed that the
jack when used for breeding purposes would produce
foal in not less than seventy-five per cent of the cases in
which mares were bred to him; that the defendant also
stated to them to induce them to purchase the jack, that
he was the best jack in Ohio county and that he agreed
with them as a further inducement to purchase, to sell
them his breeding business and good will, and promised
and agreed with them to immediately and permanently
and finally retire from such breeding business and send
his customers and former patrons to plaintiffs; that
they were induced by these representations and warran-
ties to make the purchase; that all of them were untrue;
that the jack would not produce and did not produce
foals in excess of thirty-three per cent of the cases in

which mares were bred to him; that the jack was not the best jack in Ohio county, but inferior in quality and wholly unsuited for breeding purposes and that the defendant had continued in business contrary to his agreement, in all to their damage in the sum of $1,700.00.

On April 11, 1922, Sowders filed an action against them alleging that the third and fourth notes, above referred to, were unpaid and prayed judgment thereon. In their answer to this suit the purchasers set up practically the same matters by way of counterclaim as they had set up in their original action against Sowders. Sowders filed an answer controverting the allegations of the petition in the suit they brought. The two cases were by consent heard together. The jury returned a verdict in favor of Sowders. The purchasers appeal.

On the examination of R. P. Coleman as a witness the following occurred:

"Q. How much did you agree to give for the jack? A. We agreed to give $900.00.

"Q. State whether or not he was worth that much if his breeding qualities had been or were what Mr. Sowders represented them to be? (Attorneys for defendant objected and the court being advised overruled the objection, to which defendant, by counsel, excepted). A. We thought he was.

"Q. What was his actual value, considering his breeding qualities? A. He wasn't worth very much, if anything. I offered the boys $150.00. (Attorneys for defendant objected and the court being advised sustained the objection, to which plaintiffs, by counsel excepted. The Court: That is not the question. The question is, what he was worth).

"Q. I will get you to state whether or not he was of any value in the condition he was at the time you bought him, considering he would only breed as—

"The Court: No, that is not the question; the question is, what he was worth at the time he bought him, the actual value of him. What was he worth?

"Q. In the condition he was actually in? A. The way he bred he wasn't worth anything scarcely.

"The Court: Gentlemen, you will not consider what the witness says; it is not competent. (Attorneys for plaintiffs excepted to the court's ruling)."

This evidence should not have been excluded. If the jack was warranted to the plaintiffs and he was not as warranted, they were entitled to recover the difference between his actual value at the time and what his value would have been if he had been as warranted. The jury may have understood from what the court said that if the jack was in fact worth $900.00 the plaintiffs were without recourse on the defendant, although he was not as warranted. But, however much the jack was in fact worth, the plaintiffs were entitled to recover as above indicated, if he was not as warranted.

The court properly allowed the defendant to prove what was the actual value of the jack at the time of the sale and to show his value it was proper to allow him to prove that his colts were very fine mules; for if his colts were poor this would be a circumstance detracting from his value, and one question in the case is the real value of the jack at the time of the sale. Another question in the case is, what would have been his value if he had been as warranted? To show this, the plaintiffs should be allowed to show how much more he would have earned each year if he had been as guaranteed. This evidence is only admitted to show what the value of the jack would have been if as guaranteed.

The court did not err in admitting evidence as to the price the plaintiff sold the jack for and under what contract they sold him. There was no exception taken to the reading of the deposition in which a copy of this contract was contained, and the plaintiffs cannot complain here that this was read to the jury. But on another trial if the evidence is objected to, the contract being in writing, the writing should be produced or its loss accounted for. This is not the character of case in which parol evidence is allowed as to a matter in writing where it comes up collaterally. The writing is relied on here directly to prove a fact. The court properly allowed evidence as to the declining price between the time the jack was purchased and the time he was sold by plaintiffs. But all this evidence is only competent on the question of the value of the jack at the time of the sale.

The defendant testified that the plaintiffs, when the notes fell due, asked him for time to pay and that he gave them time and that no complaint was made then of any breach of the warranty. The plaintiffs offered to prove

that after the first season they informed the defendant as to the breach of the warranty and offered to rescind the sale and that the defendant refused to agree to anything. This evidence was excluded by the court. It should have been admitted and was important to the plaintiffs because without it the jury might infer that the defense was an afterthought. The exclusion of the evidence was therefore prejudicial.

This evidence should not be given in chief, but may be introduced in rebuttal. The plaintiffs testified that the agreement was that Sowders would go out of the breeding business on his farm, but the allegation of their pleading was not so limited. The agreement to go out of the business on his farm and so remain out of the business as long as they were in the business was valid, but the agreement to go out of the business without any limitation as to place was invalid. Torian v. Fuqua, 175 Ky. 428. The court therefore did not err in refusing to submit this issue to the jury under the pleadings; but on the return of the case the plaintiffs will be allowed to amend their petition to conform to the proof. There was sufficient evidence of a breach of this agreement to take the case to the jury and on another trial, if the evidence is the same and the pleading is amended, the question will be submitted to the jury. The court did not err in refusing to submit to the jury the loss of profits which the plaintiffs had sustained from the breach of the warranty. The measure of damages for the breach of a warranty in a case like this is, the difference in the value of the animal at the time of the sale as he actually was and what his value would have been if as represented. There are a few cases in which loss of profits in addition to the difference between the contract price and the actual value of the thing sold, have been allowed on exceptional showing, as in the case of seeds and machinery furnished for a particular purpose, but to allow such a recovery here, in addition to the difference in value, would be to allow a double recovery of the same thing; for the value of the animal depended upon the amount that could be made by using him. Mosby v. Larue, 143 Ky. 433; Barnard v. Napier, 181 S. W. 624, 167 Ky. 824; Williams v. Shepherd, 205 S. W. 565, 181 Ky. 535.

The court will also give the jury this instruction:

"If the jury believe from the evidence that the jack was guaranteed, as set out in No. 2, and that he was not

as he was guaranteed to be, then the plaintiffs are entitled to recover the difference between his fair market value as he was in fact and the fair market value that he would have had if he had been as guaranteed, even though the jack was in fact of the value $900.00 at the time of the sale to plaintiffs. The evidence as to the value of the colts, or as to what the plaintiffs sold the jack for may only be considered by the jury in determining what was the actual value of the jack at the time he was sold to plaintiffs. The evidence as to the amounts the plaintiffs would have received from his services, if the jack had been as represented, may only be considered in determining what would have been the value of the jack at the time of the sale if he had been as warranted, if he was so warranted by Sowders. Any positive representation of a fact as to the jack made by Sowders at the time of the sale to induce the plaintiffs to buy and on the faith of which they did buy him was a warranty or guaranty.''

There was evidence by the defendant tending to show that the failure of the jack to come up to the warranty was due to a want of ordinary care in keeping and using him. The defendant is not responsible for any failure of the warranty so far as it was due to such cause, and on another trial the court will so instruct the jury. A witness cannot testify that certain mares were not with foal where his only knowledge is that the owner refused to pay or told him that the mare was not in foal. The fact cannot be proved by hearsay, and on another trial this hearsay evidence will be excluded.

The fair market value of such an animal necessarily depends upon his earning power. Proof therefore is pertinent showing what amount he would have brought in if as warranted, the reasonable cost of keeping him and the number of years he could reasonably be so used. To show the difference in his market value when not as warranted, proof of his net earnings as he was and what they would have been if as warranted is competent evidence to be considered by the jury.

Judgment reversed and cause remanded for a new trial.