**Roy C. HODGES and Barbara N. Hodges, his wife, d/b/a Hodges Custom Haulers, Appellants,**

v.

**Myles W. TODD, d/b/a Custom Carriers & Enterprises, Appellee.**

Court of Appeals of Kentucky.

May 3, 1985.

Rehearing Denied Sept. 6, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Nov. 13, 1985.

Stephen R. Bodell, Paducah, for appellants.

Donald A. Jones, Murray, for appellee.

Before COOPER, HOWARD and WILHOIT, JJ.

COOPER, Judge.

■ · This is an appeal from a judgment for the appellee, defendant below, in an action for breach of contract. On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that it was without authority to enforce a noncompetition covenant contained in a contract for the sale of a business from the appellee to the appellants, given the fact that the covenant was silent as to the geographical area involved. Reviewing the record below, we reverse and remand.

The facts relative to this action are as follows: In November of 1983, the appellants, Roy C. Hodges and Barbara N. Hodges, his wife, d/b/a Hodges Custom Haulers, filed this action against the appellee, Myles W. Todd, d/b/a Custom Carriers & Enterprises, alleging breach of contract. Specifically, they alleged that the appellee

had violated the noncompetition covenant contained in a written contract of sale in which the appellee sold his business—remanufacturing of pickup trucks and trailers into carhaulers—to the appellants. The appellants purchased the business in April of 1983, for $72,000. The covenant specified that the appellee would not compete with the appellants for a five-year period from April 3, 1983. It was silent as to the geographical area in which he was prohibited from competing. The appellants sought damages as well as injunctive relief.

Subsequent to exhaustive discovery by all parties, the action was scheduled for trial. Prior to the trial, the appellee filed a motion seeking to dismiss the action, arguing that the restrictive covenant was unenforceable by failing to specify certain geographical limits in which the appellee was prohibited from competing. Subsequent to a hearing on the motion, the trial court entered an order granting it, ruling that the covenant contained in the contract was "invalid by reason of its failure to limit the area in which the covenant was to be effective." Furthermore, the trial court stated that it had "no such authority to rewrite the agreement as entered into by the parties." As such, it dismissed the appellants' complaint. It is from such order the appellants now appeal.

Simply stated, the question herein is whether the trial court erred, as a matter of law, in ruling that the covenant was unenforceable in that it failed to specify specific geographical limitations. It is undisputed that subsequent to the sale of the business, and subsequent to the appellee's termination of his employment with the appellants, the appellee opened a competing business some 100 feet from the existing business sold to the appellants.

The relevant portion of the sales contract stated as follows:

> It is hereby agreed upon that the Seller shall not at any time, during a five year period beginning April 3, 1983 and ending April 3, 1988, build car transport beds on trucks, or transport trailers, for

himself or anyone else, with the exception of the buyer.

Although the contract set forth a specific time limitation,—five years—it failed to specify a specific geographical area. Courts in this and other jurisdictions have consistently upheld noncompetition restrictions if they are reasonable and not in restraint of trade. *See* 77 Am.Jur.2d, *Vendor and Purchaser*, § 50 (1985); *Annotation*, 61 A.L.R.3rd, 397 "Enforceability Insofar as Restrictions Would be Reasonable of Contract Containing Unreasonable Restrictions on Competition" (1985); and *Martin v. Ratliff Furniture Co.*, Ky., 264 S.W.2d 273 (1954).

In *Calhoun v. Everman*, Ky., 242 S.W.2d 100 (1951), the Court struck down an oral agreement entered into between an employer and an employee in which the latter was prohibited from competing with his employer in an unspecified geographical area and for an unspecified length of time. In so ruling, it reiterated a general principal of law that a restrictive covenant is not enforceable if it is unlimited as to the territory involved:

> The express contract which Everman attempted to prove by the above quoted conversation with Calhoun was anything but definite and certain. It will be noted that no specific limitation was given as to space, although it may be presumed the parties had reference to the definite territory within which Everman was operating his business. Everman failed completely to prove the limit as to the time the contract was to run. The general rule is that contracts in restraint of trade are not enforcible where they are unlimited as to both time and space, or as to where they are unlimited as to space but limited as to time. However, where such contracts are unlimited as to time but are confined to a reasonable territory, they are enforcible. 17 C.J.S., Contracts, § 241 et seq., page 624; *Torian v. Fuqua*, 175 Ky. 428, 194 S.W. 359, L.R.A. 1917F, 251; *Coleman v. Sowders*, 206 Ky. 841, 268 S.W. 579. *Id.* at p. 102.

On the basis of this language, the appellant argues that the covenant is unenforceable. Notwithstanding this argument, we find that a critical distinction exists between the facts as stated by the *Calhoun* Court and the facts herein. In *Calhoun*, the Court found that no consideration had moved from Everman to Calhoun to support the restrictive covenant. In effect, it determined that there was a lack of mutuality of obligation. And, the *Calhoun* Court found that Everman had no substantial right for his business to be protected; rather; he only sought protection from competition at the expense of Calhoun.

Here, the sale of a business was involved, not simply the termination of an employer-employee relationship. Given the magnitude of the purchase price, together with the small amount of real and personal property involved in the sale, the contract clearly expressed an intention on the part of the parties that the goodwill of the business was to be sold. Admittedly, the contract—one written by a lay person—was defective in not specifying a specific geographical limitation in paragraph four. Nevertheless, on the basis of the Court's language in *Ceresia v. Mitchell*, Ky., 242 S.W.2d 359 (1951), we hold that the trial court had the authority to enforce the covenant by establishing a reasonable geographical limitation based on the intention of the parties at the time the contract was executed.

The *Mitchell* Court was forced to determine whether a noncompetition restriction entered into pursuant to the sale of a business, in which the buyer was restricted from competing with the seller in Muhlenberg County for an indefinite time, was enforceable. Although ruling that the time limitation was unreasonable, the Court nevertheless modified the contract by establishing a definite time limitation. Consequently, it enforced the restriction based upon the intention of the parties. In so doing, it stated as follows:

> While this language is too broad in its scope for its specifications to be palatable, it, nevertheless, expresses in lay

terminology an intention to transfer the good will as "a most valuable part of the property that is being bought under and by virtue of this Bill of Sale." The importance placed on the good will of the business in the minds of the buyers is borne out by our belief that over one-half of the $10,000 given for the business covered the element of good will, for the value of the physical assets transferred was relatively small. From his knowledge of the business the chancellor confined the scope of the restraint imposed upon Mr. Ceresia under the contract to his activities in the fruit and vegetable business in Central City and Muhlenberg County until the expiration of the term of the lease on March 31, 1957. We believe the chancellor's conclusion is practicable and just. As stated in Section 1390 of Corbin on Contracts, Vol. 6, pages 499 to 502, West Publishing Company, 1951:

"An agreement restricting competition may be perfectly reasonable as to a part of the territory included within the restriction but unreasonable as to the rest. Will the courts enforce such an agreement in part while holding the remainder invalid? It renders no service to say that the answer depends upon whether or not the contract is 'divisible.' 'Divisibility' is a term that has no general and invariable definition; instead the term varies so much with the subject-matter involved and the purposes in view that its use either as an aid to decision or in the statement of results tends to befog the real issue.

"With respect to partial illegality, the real issue is whether partial enforcement is quite possible without injury to the public and without injustice to the parties themselves. It is believed that such enforcement is quite possible in the great majority of cases. If a seller whose business and good will do not extend beyond the city limits of Trenton promises not to open a competing business anywhere within the state of New Jersey, the restriction is much greater than is reasonable. This is a good reason for refusing

to enjoin the seller from doing business in Newark; but it is not a good reason for permitting him to open up a competing store within the same block in Trenton.

"In a good many cases it was held that if the contract itself indicated no geographical line between the reasonable and the unreasonable, it was 'indivisible' and illegal as a whole. Thus, if a seller promised not to compete anywhere in England the whole was void, but if he promised not to compete in London or elsewhere in England, partial enforcement was possible in case the business had extended throughout London.

"In very many cases the courts have held the whole contract to be illegal and void where the restraint imposed was in excess of what was reasonable and the terms of the agreement indicated no line of division. In the best considered modern cases, however, the court has decreed enforcement as against a defendant whose breach has occurred within an area in which restriction would clearly be reasonable, even though the terms of the agreement imposed a larger and unreasonable restraint. Thus, the seller of a purely local business who promised not to open a competing store anywhere in America has been prevented by injunction from running such a store within the same block as the one that he sold. In some cases it may be difficult to determine what is the exact limiting boundary of reasonable restriction; but often such a determination is not necessary. The question usually is whether a restriction against what the defendant has in fact done or is threatening would be a reasonable and valid restriction. The plaintiff should always be permitted to show the actual extent of the good will that is involved and that the defendant has committed a breach within that extent. If a restriction otherwise reasonable has no time limit, it is quite possible for the court to grant injunctive relief for a specific and reasonable time."

In effect, the *Mitchell* Court ruled that equitable considerations are paramount in determining whether to enforce a noncompetition covenant even though it is unreasonable as to either time or space. It effectively held that although a restriction attempting to restrain a seller from competing anywhere in the country would be unreasonable, it did not necessarily follow that the seller could not be enjoined from "running such a store within the same block as the one that he sold." Equitable considerations will prevail against a mechanistic approach as to whether the contract is divisible or indivisible and thus enforceable.

Consequently, we hold that the trial court erred, as a matter of law, in ruling that it had no authority to enforce the restrictive covenant contained in the contract entered into between the parties. As such, we remand this action to the trial court with directions that it reinstate the appellant's complaint; that it conduct a hearing to determine what would constitute a reasonable limitation concerning the geographical area; and that it afford the appellants a trial on all issues raised in their complaint.

All concur.