**SENTURE, LLC, Plaintiff,**

v.

**Joseph E. DIETRICH, and Thomas F. Swider, Defendants.**

**Civil Action No. 2:08cv154.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 8, 2008.

James Thompson Lang, Esq., Pender & Coward, PC, Virginia Beach, VA, for Plaintiff.

Paul Todd Sartwell, Dickerson & Smith Law Group, Virginia Beach, VA, for Defendants.

### ORDER

ROBERT G. DOUMAR, District Judge.

This matter comes before the Court upon the June 18, 2008 Motion of Defendants Joseph E. Dietrich and Thomas F. Swider ("Defendants") to dismiss for failure to state a claim upon which relief can be granted. At a hearing held on September 3, 2008, this Court denied the Motion and reserved the right to issue a written Order. For the reasons set forth herein, the Court hereby **DENIES** Defendants' Motion to Dismiss pursuant to Fed.

R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Although a complaint need not contain detailed factual allegations, factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (internal citations omitted). Thus, a "formulaic recitation of the elements of a cause of action will not do." *Id.* When considering a motion made pursuant to Rule 12(b)(6), the court is generally limited to a review of the pleadings filed in the case. Exhibits attached to the pleadings are considered a part of the complaint. Fed.R.Civ.P. 10(c).

The Court of Appeals for the Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should only be granted in "very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir.1988) (citation omitted); *Davis v. Hudgins,* 896 F.Supp. 561, 566 (E.D.Va. 1995) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light

most favorable to plaintiff." *Schatz*, 943 F.2d at 489 (quotation omitted); *Davis*, 896 F.Supp. at 566 (citing *Martin Marietta Corp. v. Int'l Telecomm. Satellite Org.*, 991 F.2d 94, 97 (4th Cir.1992)).

This case concerns an employment agreement signed by Defendants with Plaintiff Senture, LLC ("Plaintiff" or "Senture"), a Kentucky company that offers services and support for national security programs. At Senture, Defendants marketed capabilities developed specifically for the government's new Transportation Workers' Identification Credential ("TWIC") security program, and also managed and executed that work. (Amend. Compl.¶ 17–19.) After Defendants left their employment at Senture in late 2007, Defendants went to work for a Senture competitor, SAIC Inc. ("SAIC"), in early 2008. *Id.* ¶ 23. Also in early 2008, SAIC obtained a subcontract with a major government contractor, Lockheed Martin Corporation ("Lockheed Martin"), to do TWIC work relating to the capabilities that Senture had developed. *Id.* ¶ 24. In summer 2008, Lockheed Martin modified Senture's TWIC subcontract, cutting the scope of the work that Senture would perform. *Id.* ¶ 28. Finally, in August 2008, Lockheed Martin gave management responsibility for the Senture subcontract to SAIC, meaning that Senture's TWIC work under the subcontract is now controlled by SAIC. *Id.* ¶ 29.

Senture alleges that SAIC's newfound success is due mainly to Defendants' disclosure of Senture's confidential information to their new employer. (Amend. Compl.¶ 24.) Thus, Senture filed a four-count Complaint on May 23, 2008 alleging that Defendants breached the covenant not to compete (Count I) and confidentiality provisions (Count II) in their employment agreements, tortiously interfered with Senture's business expectancy (Count III),

and engaged in a statutory business conspiracy pursuant to Virginia Code §§ 18.2–499 and 18.2–500 (Count IV).

On June 18, 2008, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Although Section 15 of the employment agreement states that Kentucky law shall govern the matter, Defendants argue that the Court should apply Virginia law in determining the validity of the covenant not to compete. (Defs. Br. Supp. Mot. to Dismiss at 4.) According to Defendants, Virginia law applies because (1) the employment agreement is an "adhesion contract", *id.* at 4–5, and (2) Kentucky law conflicts with the public policy of Virginia, *id.* at 4. Defendants also argue that under Virginia law, the covenant not to compete is unenforceable as a matter of law. *Id.* at 5–6. Even if Kentucky law applies to the matter, Defendants argue that the covenant should fail. *Id.* at 6–7. Finally, Defendants argue that the Court does not have "blue pencil" authority to rewrite the covenant, and thus the covenant "must stand or fall in its entirety." *Id.* at 7.

At oral argument on September 3, 2008, this Court limited its decision to three issues regarding the parties' employment agreement: (1) whether Kentucky law should be applied to the case pursuant to the agreement's forum selection clause, (2) whether the agreement's non-compete clause is unduly broad in its geographic scope, and (3) whether the agreement's non-compete clause is unduly broad in its temporal scope. The Court did not reach the issue of the breadth of work activities prohibited by the non-compete provision, which the parties are free to address at a later stage. In its analysis, the Court is mindful of the fact that it must construe the factual allegations in the light most favorable to the Plaintiff.

■ With respect to the first issue, this Court will apply Kentucky law to this case. The law is clear that forum selection clauses are prima facie valid "unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Thus, absent a showing that the provisions of the clause "are unfair or unreasonable, or are affected by fraud or unequal bargaining power," *Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804 (Va.1990), or that the parties did not clearly intend for the designated law to govern the terms of the contract, *see Black v. Powers*, 48 Va.App. 113, 628 S.E.2d 546, 555 (2006), this Court will give full force to choice-of-law provision in a contract. There is no evidence that Plaintiff did not clearly intend for Kentucky law to apply. Furthermore, Plaintiff argues that it selected Kentucky law to control the Employment agreement because of the company's strong ties to Kentucky (Pl.'s Br. in Opp'n to Mot. to Dismiss at 7), and Defendants do not argue that Plaintiff's choice of Kentucky law is unreasonable. Finally, Defendants have not argued that Plaintiff's purpose in choosing Kentucky law was in any way illegal or fraudulent. Although Defendants claim that employment agreements are always "adhesion contracts" and are therefore unfair (Defs. Br. Supp. Mot. to Dismiss at 4–5), this argument is without merit.[1] Therefore, Virginia's choice-of-law rules counsel this Court to accept Kentucky as the governing law in' this case, unless public policy of Virginia prohibits its use.

The Court rejects Defendants' public policy argument regarding the choice-of-law provision. Although the principle that Virginia courts will not apply another State's substantive law if it is contrary to public policy is not without support in Virginia, *see Black v. Powers*, 628 S.E.2d at 554 (stating that "if the applicable substantive law of the jurisdiction where the contract was executed is contrary to Virginia public policy, Virginia courts will not apply the foreign rule of law") (citing *Willard v. Aetna Casualty & Surety Co.*, 213 Va. 481, 193 S.E.2d 776, 778 (1973)), Defendants can cite to no public policy in Virginia that prohibits this Court from using Kentucky law to determine the validity of the provisions of an employment contract. Moreover, Virginia continues to enforce non-compete clauses in employment contracts. *See, e.g., Blue Ridge Anesthesia and Critical Care, Inc. v. Gidick*, 239 Va. 369, 389 S.E.2d 467 (1990). *Cf. Omniplex World Servs. v. U.S. Investigations Servs.*, 270 Va. 246, 618 S.E.2d 340, 342 (2005) (discussing the factors used by Virginia courts in deciding whether non-compete clauses in employment contracts will be enforced). Therefore, the Court finds no reason why

---

1. Defendants briefly argue that the employment agreement was an adhesion contract, rendering the forum selection clause unenforceable. (Defs. Br. Supp. Mot. to Dismiss at 5.) This argument is not deserving of great attention by the Court. In Virginia, employment contracts are certainly not always considered adhesion contracts, as Defendants suggest. Under Virginia law, an "adhesion contract" is defined as a "standard form contract, prepared by one party and presented to a weaker party—usually, a consumer—who has no bargaining power and little or no choice about the terms." *Schwam v. XO Communs., Inc.*, No. 05–1060, 2006 U.S.App. LEXIS 7428, *5–6 (4th Cir. Mar. 24, 2006) (citing *Philyaw v. Platinum Enters.*, 54 Va. Cir. 364 (Va.Cir.Ct.2001)). If an employee has the freedom to consider employment elsewhere and is not bound to continue working for his current employer, an employment agreement will not be considered an adhesion contract. *See Schwam*, 2006 U.S.App. LEXIS, at *6. Clearly, the employment agreement at issue in this case is not an adhesion contract.

it should reject the parties' choice of law on public policy grounds.

 With respect to the second issue, the non-compete clause is not unduly broad in its geographic scope. Kentucky courts take into account the geographic reach of the employer's business when assessing the reasonableness of geographic restrictions in a non-compete clause. *See, e.g., Hodges v. Todd,* 698 S.W.2d 317, 319 (Ky.Ct.App.1985). Recently, the Sixth Circuit upheld the reasonableness of a non-compete clause prohibiting an employee from competing for two years in any area where the company did business, despite the fact that the company did business nationally and in some foreign countries. *See generally Lantech.com v. Yarbrough,* 247 Fed.Appx. 769, 2007 WL 2669115 (6th Cir.2007). Taking as true the facts alleged in the Amended Complaint, the fact that the employment agreement designates the entire United States as its geographic scope is not unreasonable assuming that Senture does in fact do business across the country. (*See* Amend. Compl. ¶ 15 (stating that the TWIC program is "nationwide in scope").)

 With respect to the third issue, the Court finds that the non-compete clause's length of time of one year is reasonable. Kentucky courts consistently uphold agreements for one or two years. *See generally Hammons,* 567 S.W.2d 313 (upholding a covenant not to compete for one year); *Higdon Food Serv., Inc. v. Walker,* 641 S.W.2d 750 (Ky.1982) (one year); *Louisville Cycle & Supply Co. v. Baach,* 535 S.W.2d 230 (Ky.1976) (eighteen months); *Central Adjustment Bureau, Inc. v. Ingram Assocs.,* 622 S.W.2d 681 (Ky.Ct.App.1981) (two years). Non-compete agreements lasting about two years are reasonable in Kentucky "so long as there [are] no facts indicating that the duration [is] substantially longer than nec-

essary to protect a company's ability to compete in a field." *Lantech.com,* 247 Fed.Appx. at 780, 2007 WL 2669115, *11. Because Kentucky courts are generally willing to uphold non-compete clauses for one year, this Court will do the same when applying Kentucky law.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motions to Dismiss. The Clerk of the Court is **DIRECTED** to deliver a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**