RENDERED:  JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0004-MR

GARY MITCHELL LONG                                           APPELLANT

APPEAL FROM MARION CIRCUIT COURT
v.        HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 17-CR-00209

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, JONES, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Gary Long appeals the Marion Circuit Court's December 16, 2020 order denying Appellant's motion to vacate, set aside, or correct pursuant to RCr[1] 11.42 alleging ineffective assistance of counsel.  We affirm.

On September 8, 2017, Appellant struck Felicia Hazelwood and her daughter with a crowbar.  On July 26, 2018, on advice of counsel, Appellant

---

[1] Kentucky Rules of Criminal Procedure.

pleaded guilty to two counts of second-degree assault. Accordingly, the circuit court sentenced Appellant to seven years on count one and five years on count two, to run concurrently. The circuit court probated the sentence for five years. (Record ("R.") at 72.)

On July 22, 2020, Appellant filed a motion pursuant to RCr 11.42 alleging ineffective assistance of counsel. Appellant alleges his counsel failed to understand the facts of the case, did not properly communicate with or inform Appellant of the consequences of pleading guilty, did not inform Appellant about possible defenses to the charges, and only represented him to collect attorney fees.

Appellant claims the facts his counsel failed to understand are these. The victim started the fight when she alleged Appellant blocked the road with his vehicle. After investigating, Appellant's counsel discovered he may have started the incident by spouting racial slurs at the victim. Additionally, Appellant alleges counsel confused whose car the victim alleged blocked the road. However, given all counsel knew, she advised him to plead guilty.

The circuit court heard testimony from Appellant's counsel, Dawn McCauley. McCauley testified to having met with or having gone to court with Appellant seventeen different times. She testified to scheduling review of body-camera video once the video was made available through discovery. She discussed self-defense as being the main defense to these charges. However, she expressed

concerns as to the success of a self-defense claim because body-camera footage contradicted Appellant's account of what happened.[2] McCauley also expressed to Appellant that a jury may not be sympathetic to Appellant given the circumstances and she believed, based on the victims' reputations, that they could be easily angered on the stand. McCauley testified to negotiating Appellant's original charges down and fought to have Appellant avoid jail time as she was concerned about him going to prison for a lengthy term.

Based on the aforementioned evidence, the circuit court denied Appellant's motion. In denying Appellant's RCr 11.42 motion, the circuit court described McCauley's services as "not only competent, but . . . exceptional." (R. at 123.)

This appeal followed.

We begin by noting no defendant is entitled to perfect counsel; instead, every defendant is entitled to reasonably effective counsel. *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011). Additionally, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v.*

---

[2] For example, Appellant's claimed Felicia Hazelwood struck him and broke his glasses. After this, Appellant picked up a crowbar and struck both Felicia Hazelwood and her daughter. McCauley testified body-camera footage showed his glasses were not broken.

*Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

Thus, "[j]udicial scrutiny of counsel's performance [is] highly deferential." *Id.*

When reviewing a RCr 11.42 claim for ineffective assistance of counsel, this court applies the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*.[3] *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). To satisfy this test, the defendant must first show counsel's performance was so deficient the defendant did not receive counsel as guaranteed by the Sixth Amendment to the United States Constitution. *Id.* at 687; *see also Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002). Second, the defendant must show counsel's defective performance in some way prejudiced the defendant. *Id.* To show prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. We also note that we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S. Ct. at 2065.

---

[3] We note, according to *Hill v. Lockhart*, the test articulated in *Strickland* applies to ineffective assistance of counsel claims concerning guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

The circuit court heard sufficient testimony from McCauley, which this Court reviewed, to justify the conclusion that counsel did discuss the full facts and the panoply of laws at issue here. She discussed her professional opinion as to the success of Appellant's self-defense claim and the factual doubts she maintained in the defense. Appellant cannot claim ineffective assistance of counsel merely because he dislikes his counsel's professional opinion. In the same vein, the circuit court heard sufficient evidence as to the time McCauley spent with Appellant, the communications McCauley had with Appellant, and the thoroughly thought-out legal opinions McCauley maintained as to the objective possibilities of Appellant's case if it were to go to trial. With the presumption that McCauley's performance was effective in mind, Appellant raised nothing concerning these two points to overcome the presumption her performance was effective.

Additionally, assuming McCauley truly misunderstood the facts concerning how the altercation started[4] and whose car blocked the road, misunderstanding these specific facts does not rise to the level of deficient performance under the Sixth Amendment to the United States Constitution, nor would this error rise to the level of prejudice required under *Strickland*. The main factual concern in (what would have been) Appellant's self-defense claim was

---

[4] Though again, we note there are several factual discrepancies between Appellant's account, the victim's accounts, and the body-camera footage.

whether the victim started the altercation and whether Appellant's response was appropriate. It does not matter who thought whose car was blocking the road. McCauley clearly understood the possibility of a jury believing Appellant did not act proportionately in response to the victim's alleged attack. Appellant alleges victim hit Appellant first, and Appellant responded by hitting the victims with a crowbar. McCauley was wise to fear a jury may view Appellant's response as disproportionate – which would severely compromise his self-defense claim.

We conclude Appellant has not raised any issues showing McCauley's performance was ineffective or deficient. Because of this, Appellant fails the first prong of *Strickland*'s test.

Accordingly, the Marion Circuit Court did not err when it denied Appellant's RCr 11.42 motion. For the foregoing reasons, we affirm.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Elmer J. George
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky